UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT, FLORIDA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                    CASE NO. 00-6117-CR-HUCK

MARK ROSEMAN, et al.

    Defendants.
_____/

## MOTION TO CONTINUE TRIAL SET FOR DECEMBER 11, 2000; MOTION TO COMPEL GOVERNMENT TO PROVIDE DISCOVERY

COMES NOW the Defendant, Mark Roseman, by and through the undersigned attorney, and moves the Court to continue his trial set for December 11, 2000. The Defendant further moves the Court for an order compelling the government to provide discovery as provided by this Court's standing discovery order. As grounds therefore the Defendant states:

1. The government began its investigation in 1996, and four years later it indicted the Defendant. The Indictment enumerates approximately 25 separate and distinct real estate transactions. The discovery also enumerates 100's of other real estate transactions as potential Rule 404(b) evidence. The government opines that it has discoverable documents consisting of approximately 94,000 pages.

2. On Friday, August 11, 2000, the Defendant and the undersigned went to the copying service that the government contracted with to the review the government's documents and designate the items the Defendant wanted copied. **The Defendant requested documents directly relating to the approximately 25 separate and distinct real estate transactions set forth in the Indictment.**



3. To date, the Defendant has not received all the documents ordered the second week of August, which directly relate to the overt acts charged in the Indictment. Specifically, the Defendant has not received the following documents:

<u>Box # 10</u>
Miller, Lathon
Orozco, Luis Gabriel
Jackson, Kawanza (Jones, Kawanza)
Fullerton, Devon
Lambert, Frederick E.

<u>Box # 15</u>
Donfred, Johnny and Isma, Flerissonne
Eigue, Ramon Jose and Eiroa, Isabel
Fleurant, Suzette and Jackson, Lucius

<u>Box # 17</u>
Lambert, Frederick E.
Laster, Maggie M.

<u>Box # 18</u>
Miller, Lathon
Ormston, Leon and Andrea
Orozco, Luis Gabriel

<u>Box # 20</u>
Walker, Jerome M.

<u>Box # 43</u>
ALL MATERIALS

<u>Box # 53</u>
ALL MATERIALS

4. Finally, in October and the beginning of November, the Defendant did receive some of the government's discovery documents. The Defendant promptly reviewed those documents and based on his review made an additional request for documents. Besides the documents that were not received per the first request for documents, the documents per the second request have <u>not</u> been received. Specifically, the

Defendant requested the following documents: (1) any additional reports regarding handwriting analysis (the report we were provided consists of 4 pages); (2) any agreements, understandings, promises or recommendations not contained within the four-corners of the written plea agreements for Mark Roseman's alleged conspirators, including but not limited to Jack Kudron, Mark Gordien, James Lowe, Elizabeth Velazquez, Marsha LNU, Leo Brovillette, Mimi Lawrence, Cindy Carameros, Stanley Lerner, etc; this request is made in good faith based upon the fact that the undersigned was present at Mark Gordien's change of plea wherein in told the Court that there was a recommendation regarding the amount of the "loss" that was not contained within the written plea agreement; (3) the documents pertaining to overt act YYY (Fred Lambert's real estate transaction with Mortgage Dynamics); (4) the application for mortgage insurance submitted by Barnett Bank regarding the real estate transaction re: 5627 SW 26th Street, Hollywood; (5) the documents identified as "BB blank VOR" and "BB blank VOE;" (6) the 29 documents designated fake W2's, etc regarding the real estate transactions involving Yves Joseph; (7) the Lighthouse Point Title Company checks payable to John "Jack" Kudron personally, as opposed to his corporate or business entities; (8) the documents pertaining to the real estate transaction involving Lathon Miller (i.e., the Mortgage Dynamics closing file that was suppose to be in the government's discovery box #10, and the Lighthouse Point closing file that was suppose to be in the government's discovery box #18); (9) the documents pertaining to wire fraud count involving the real estate transaction of Lathon Miller that were suppose to be in government's discovery box #10; (10) the documents pertaining to the transaction involving Robert Ormston at 1333 Madison Street, Hollywood; (11) the documents the government contends are false regarding the reported

income of Eddie Weaver (i.e., overt act PPP); (12) the complete HUD files, including but not limited to HUD's decision not to provide FHA financing, HUD's evaluation of the property and HUD's assessment of the work that need to be performed on the properties, pertaining to the real estate transactions involving Roman Elgue, Billy Dobbs, William Cooper, Leo Brovillette, and Michael Balboni; we particularly want any and all documents pertaining to; (13) the mortgage insurance application relating to Commonwealth Mortgage Assurance certificate 70004262 regarding the real estate transaction involving Roman Elgue, 1525 NE 5th Avenue, Fort Lauderdale; (14) Elizabeth Velazquez' personnel file and/or any documents pertaining to her discharge, leaving, or terminating her employment with First Bankers; and (15) Stanley Lerner was employed at and by more than one lender and/or mortgage broker involved in lending money regarding real estate transactions as charged in both his federal cases pending in the Southern District of Florida; Stanley Lerner's personnel file and/or any documents pertaining to his discharge, leaving, or terminating his employment with the various lenders and/or mortgage brokers.

     5.     Additionally, the government advised that it was going to put all the documents that it intends to introduce in it case-in-chief on a CD Rom, in order to utilize an in-court video system. The government requested that the Defendant review the documents and enter into stipulations to eliminate the necessity of calling dozens of records custodians. The government has not supplied the Defendant the aforestated CD Rom; the Defendant cannot enter into any pretrial stipulations until he has had a reasonable opportunity to review the documents. It is anticipated that many of the documents that will be included on the government's CD Rom are the same documents the Defendant is still waiting to receive per his discovery requests.

## CERTIFICATION UNDER LOCAL RULE 88.9

6.    Pursuant to Local Rule 88.9, undersigned has previously conferred with Assistant United States Attorney Jeffrey Kaplan about the upcoming trial date. He advised that the government could not in good faith object to a defense continuance, if the Defendant had not received discovery a reasonable time before trial. The trial is less than 18 business days away, and the Defendant has not received all of the discovery essential to effective pretrial preparation. Without the requested discovery, the Defendant will not be able to adequately confront his accusers; he will be denied the effective assistance of counsel.

7.    A trial date after the first of the year will benefit the government, the Defendant and the Court. By January the government and the Defendant should be able to enter into stipulations regarding the admissibility of 100's, if not 1000's, of pages of documents. The government and the Defendant should be able to get the documents marked as exhibits. Lastly, the Defendant will have an opportunity to review the government's CD Rom containing its trial exhibits.

WHEREFORE the Defendant prays that his trial be continued until January 2001, and that the government be ordered to supply the requested discovery on or before November 27, 2000.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this document was mailed on November 13, 2000 to:

Jeffrey N. Kaplan, Esq.
Assistant United States Attorney
500 E. Broward Blvd., 7th floor
Fort Lauderdale, FL 33301

                                                  H. DOHN WILLIAMS JR. P.A.
                                                  Suite 2402 New World Tower
                                                  100 N. Biscayne Boulevard
                                                  Miami, Florida 33132
                                                  954-523-5432; 305- 372-8038 (fax)

                                                BY: _____
                                                        H. Dohn Williams Jr.
                                                        Fla. Bar #166087

D:\clients\roseman\continue.2