JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6117-Cr-HUCK

UNITED STATES OF AMERICA,        :

        PLAINTIFF,        :

v.        :

MARK ROSEMAN,        :

        DEFENDANT.        :



## MOTION TO REDACT INDICTMENT

The United States of America, by and through its undersigned counsel, hereby files its Motion to Redact Indictment and states as follows:

1. The government indicted defendant Roseman and two other defendants in a twenty-nine count indictment. Counts II through XI of the indictment charge the defendant with loan application fraud, in violation of 18 U.S.C. Section 1014. Paragraph 35 on page 21 of the indictment charges that defendant Roseman "did knowingly and willfully make materially false statements for the purpose of influencing the actions of the financial institutions." The government moves to redact the word "materially" from paragraph 35 as materiality is not an element of the offense of loan application fraud and is surplusage.

2. In U.S. v. Wells, 519 U.S. 482 (1997) the U.S. Supreme Court ruled that materiality was not an element of the crime of making a false statement to a federally insured bank, in violation of 18 U.S.C. Section 1014.

3.	Clearly, based on the Supreme Court's decision in Wells it is no longer necessary to charge materiality in an indictment under 18 U.S.C. §1014. The word materially in the indictment in the instant case is unnecessary surplusage.

4.	A redaction of an indictment is permissible so long as the elements of the offense charged are fully and clearly set out in what remains. United States v. Miller, 471 U.S. 130, 136 (1985).

5.	In U.S. v. Peralta, 930 F.Supp 1523 (S.D. Fla. 1996) the defendant was charged with bank robbery. The indictment charged that the defendant "willfully" committed the offenses. The government filed a pretrial motion to redact the word "willfully" from the indictment as bank robbery was not a specific intent crime. The defendant argued that the government cannot redact an indictment that it drafted. Judge Marcus citing U.S. v. Cancelliere, 69 F.3d 1116, 1121 (11th Cir. 1995) and Warner v. Zent, 997 F.2d 116, 130 (6th Cir. 1993) held that:

> there is a wealth of federal case law to the effect that overstatement of the pertinent mens rea in an indictment is 'mere surplusage' that neither obligates the prosecutor to prove more than the law requires nor obligates the trial judge to misinstruct the jury. 930 F.Supp. at 1528.

6.	Judge Marcus redacted the reference to "willingly" as mere surplusage. Judge Marcus distinguished Cancelliere. In Cancelliere, the Eleventh Circuit reversed a money laundering conviction where a district court granted a motion to redact a reference to "willfulness" after the close of evidence, despite the fact the defendant had focused his defense on proving the absence of specific intent. The panel explained that:

> Although the inclusion of the term 'willful' was a mistake by the government, the charge was read to the jury at the beginning of the trial, the jury listened to Cancelliere attempt to prove he had not acted willfully, and then the court instructed them that they could convict without mentioning any requirement that

they find he acted willfully.

Judge Marcus in <u>Peralta</u> ruled that when the motion to redact is made pretrial there was no risk of the kind of prejudice as in <u>Cancelliere,</u> and that an indictment may be conformed to reflect the proper mens rea.

7. There is no prejudice to the defendant in this case in redacting prior to trial the word "materially" from Counts II through XI of the indictment. Clearly, materiality is not an element of the offense, and the Court should not be obligated to improperly instruct the jury on the elements of the offense.

8. WHEREFORE, the Government moves that its motion be granted and that the word "materially" be struck from Counts II through XI of paragraph 35 on page 21 of the indictment as set forth in the attachment.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: *[signature]*

JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY
COURT NO. AO05500030
500 E. Broward Blvd. 7th Flr
Ft. Lauderdale, Fl 33394
(954) 356-7255
(954) 356-7336

3

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this ____ day of December, 2000, to H. Dohn Williams, Esq., New World Tower, 100 N. Biscayne Blvd., Suite 2402, Miami, Fl 33132.

*[signature]*
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY

PPPP.   On or about June 27, 1996, a coconspirator caused the closing costs to be paid on a loan for Jackson Lucius and Suzette Fleurant with respect to their purchase of 5901 NE 2nd Ave., Fort Lauderdale, Florida.

QQQQ.   On or about July 25, 1996, defendant ROSEMAN issued a check in the amount of $500 with respect to 5901 NE 2nd Ave., Fort Lauderdale, Florida.

RRRR.   On or about August 1, 1996, defendant ROSEMAN issued a check in the amount of $280 with respect to 5901 NE 2nd Ave., Fort Lauderdale, Florida.

SSSS.   On or about June 27, 1996, a coconspirator caused a loan application to be submitted to Advantage Financial. The loan application falsely reflected that Johnny Donfred had $100,000 in his account at Savings of America.

TTTT.   Counts II through XXIX are incorporated by reference as if fully set forth herein as individual overt acts done in furtherance of the conspiracy.

All in violation of Title 18, United States Code, Section 371.

### COUNTS II THROUGH XI-LOAN APPLICATION FRAUD

34. The allegations contained in paragraphs two through thirty-three of Count I of this indictment are realleged and incorporated by reference as though fully set forth herein.

35. On or about the dates set forth below, at Broward County, in the Southern District of Florida, defendant,

MARK ROSEMAN,

did knowingly and willfully make ▓▓▓▓ false statements for the purpose of influencing the actions of the financial institutions set forth below, whose deposits were then insured by the Federal Deposit